## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| ALMONDNET, INC. and INTENT IQ, LLC, | |
| Plaintiffs, | Case No.  6:21-cv-00891 |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; ADGEAR TECHNOLOGIES INC., | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT AGAINST SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND ADGEAR TECHNOLOGIES INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiffs AlmondNet, Inc. and Intent IQ, LLC (collectively, "Plaintiff" or "AlmondNet") make the following allegations against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and AdGear Technologies Inc. ("AdGear") (collectively, "Defendants" or "Samsung"):

## INTRODUCTION AND PARTIES

1.      This complaint arises from Defendants' unlawful infringement of the following United States patents owned by AlmondNet, each of which generally relate to novel internet / network based advertising systems and methods: United States Patent Nos. 7,979,307, 8,200,822, 8,244,582, 8,566,164, 8,671,139, 8,677,398, 8,959,146, 10,321,198, and 10,715,878, (collectively, the "Asserted Patents"). AlmondNet owns all right, title, and interest in each of the Asserted Patents to file this case.

2.      AlmondNet, Inc. is a is a corporation organized and existing under the laws of the state of Delaware, having its place of business at 37-18 Northern Blvd Suite 404, Long Island City, NY, 11101. Established in 1998, AlmondNet is an industry leader and pioneer in privacy-friendly, targeted advertising. AlmondNet has developed an extensive suite of industry-leading targeted advertising solutions and products, and is focused on R&D and the licensing of its extensive portfolio of enabling technology and intellectual property covering numerous areas of the targeting landscape and ecosystem, including profile-based bidding, behavioral targeting, online and offline data monetization, addressable advertising, and multi-platform advertising.

3.      On information and belief, Defendant Samsung Electronics Co., Ltd. is a corporation organized under the laws of South Korea, with its principal place of business at 129 Samsung-Ro, Maetan-3dong, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, South Korea.

4.      On information and belief, Defendant Samsung Electronics America, Inc., a wholly owned subsidiary of Samsung Electronics Co., Ltd., is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Rd., Ridgefield Park, New Jersey 07660.

5.      On information and belief, Defendant Adgear Technologies  Inc. is a corporation organized under the laws of Canada, with its principal place of business at 800 René-Lévesque Blvd W Suite 1000, Montreal, Quebec H3B 1X9, Canada.

## JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Samsung in this action because Samsung

has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Samsung would not offend traditional notions of fair play and substantial justice. Samsung, directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, using, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

8.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant Samsung Electronics America, Inc. is registered to do business in Texas. Additionally, upon information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Defendants have regular and established places of businesses in this District, including at 12100 Samsung Boulevard, Austin, Texas 78754; 7300 Ranch Road 2222, Austin, Texas 78730; and 1700 Scenic Loop, Round Rock, Texas 78681. Additionally, venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Defendant Samsung Electronics Co., Ltd. is a foreign corporation organized under the laws of Korea, with a principal place of business in Korea, and Defendant Adgear Technologies Inc. is a foreign corporation organized under the laws of Canada, and thus venue is proper as to those Defendants for this additional reason.

## FACTUAL ALLEGATIONS

9.     AlmondNet attempted to engage AdGear, a Samsung entity, in negotiations, putting Samsung on notice of the Asserted Patents.

10.    On July 24, 2019, AlmondNet sent a notice letter to AdGear asserting the

infringement of AlmondNet's patent portfolio and explaining how AdGear could contact AlmondNet to discuss licensing that portfolio. Numerous Asserted Patents and patents related to the Asserted Patents were explicitly identified in that letter, including U.S. Patent Nos. 7,979,307, 8,244,582, 8,671,139, 8,677,398, 8,959,146, and 10,321,198.

11.     Having received no response, on October 25, 2019 AlmondNet sent a second notice letter to AdGear reiterating AdGear's infringement of AlmondNet's patent portfolio and again requesting that AdGear engage in discussions regarding a license to that portfolio.

12.     Despite Plaintiff's efforts, Samsung did not respond to AlmondNet's notice letters or discuss appropriate terms for a license to AlmondNet's patents. Thus, AlmondNet was left with no recourse but to file this lawsuit to protect its intellectual property.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,979,307

13.     AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

14.     AlmondNet owns all rights, title, and interest in U.S. Patent No. 7,979,307 (the "'307 patent"), titled "method and stored program for accumulating descriptive profile data along with source information for use in targeting third-party advertisements," issued on July 12, 2011. A true and correct copy of the '307 patent is attached as Exhibit ..

15.     On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Products"), such as, e.g., Roku's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '307 patent.

16.     The infringement of the '307 patent is also attributable to Samsung. Samsung

(and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the '307 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

17.    Samsung's infringement has been and is willful. Through at least the interactions as detailed in Plaintiff's Factual Allegations, Samsung knew of the '307 patent and the infringing nature of Accused Products before this suit was filed. Despite Samsung's knowledge of the Asserted Patents, Samsung continues to infringe. In doing so, Samsung knew, or should have known, that its conduct amounted to infringement of the '307 patent. Accordingly, Samsung is liable for willful infringement.

18.    Samsung also knowingly and intentionally induces infringement of claims of the '307 patent in violation of 35 U.S.C. § 271(b). Samsung has had knowledge of the '307 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and/or earlier, as set forth above. Despite this knowledge of the '307 patent, Samsung continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '307 patent. Samsung does so knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '307 patent, thereby specifically intending for and inducing its customers to infringe the '307 patent through the customers' normal and customary use of the Accused Products.

19.    Samsung has also infringed, and continue to infringe, claims of the '307 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent,

and constitute a material part of the invention. Samsung knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Samsung has been, and currently is, contributorily infringing the '307 patent, in violation of 35 U.S.C. § 271(c).

20.     The Accused Products satisfy all claim limitations of at least one claim of the '307 patent. A claim chart comparing independent claim 1 of the '307 patent to a representative Accused Product is attached as Exhibit ., which is hereby incorporated by reference in its entirety.

21.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured AlmondNet and is liable for infringement of the '307 patent pursuant to 35 U.S.C. § 271.

22.     As a result of Samsung's infringement of the '307 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,200,822

23.     AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

24.     AlmondNet owns all rights, title, and interest in U.S. Patent No. 8,200,822 (the "'822 patent"), titled "media properties selection method and system based on expected profit from profile-based ad delivery," issued on June 12, 2012. A true and correct copy of the '822 patent is attached as Exhibit ..

25.     On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Products"), such as, e.g., Roku's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '822 patent.

26.     The infringement of the '822 patent is also attributable to Samsung. Samsung (and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the '822 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

27.     Samsung's infringement has been and is willful. Through at least the interactions as detailed in Plaintiff's Factual Allegations, Samsung knew of the '822 patent and the infringing nature of Accused Products before this suit was filed. Despite Samsung's knowledge of the Asserted Patents, Samsung continues to infringe. In doing so, Samsung knew, or should have known, that its conduct amounted to infringement of the '822 patent. Accordingly, Samsung is liable for willful infringement.

28.     Samsung also knowingly and intentionally induces infringement of claims of the '822 patent in violation of 35 U.S.C. § 271(b). Samsung has had knowledge of the '822 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and/or earlier, as set forth above. Despite this knowledge of the '822 patent, Samsung continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '822 patent. Samsung does so knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '822 patent, thereby

specifically intending for and inducing its customers to infringe the '822 patent through the customers' normal and customary use of the Accused Products.

29.     Samsung has also infringed, and continue to infringe, claims of the '822 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Samsung knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Samsung has been, and currently is, contributorily infringing the '822 patent, in violation of 35 U.S.C. § 271(c).

30.     The Accused Products satisfy all claim limitations of at least one claim of the '822 patent. A claim chart comparing independent claim 1 of the '822 patent to a representative Accused Product is attached as Exhibit ., which is hereby incorporated by reference in its entirety.

31.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured AlmondNet and is liable for infringement of the '822 patent pursuant to 35 U.S.C. § 271.

32.     As a result of Samsung's infringement of the '822 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

33.     Samsung's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '822 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that

come within the scope of the patent claims.

**COUNT III**

**INFRINGEMENT OF U.S. PATENT NO. 8,244,582**

34.     AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

35.     AlmondNet owns all rights, title, and interest in U.S. Patent No. 8,244,582 (the "'582 patent"), titled "method and stored program for accumulating descriptive profile data along with source information for use in targeting third-party advertisements," issued on August 14, 2012. A true and correct copy of the '582 patent is attached as Exhibit ..

36.     On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Products"), such as, e.g., Roku's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '582 patent.

37.     The infringement of the '582 patent is also attributable to Samsung. Samsung (and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the '582 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

38.     Samsung's infringement has been and is willful. Through at least the interactions as detailed in Plaintiff's Factual Allegations, Samsung knew of the '582 patent and the infringing nature of Accused Products before this suit was filed. Despite Samsung's knowledge of the Asserted Patents, Samsung continues to infringe. In doing so, Samsung knew, or should have known, that its conduct amounted to infringement of the '582 patent. Accordingly, Samsung is liable for willful infringement.

39. Samsung also knowingly and intentionally induces infringement of claims of the '582 patent in violation of 35 U.S.C. § 271(b). Samsung has had knowledge of the '582 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and/or earlier, as set forth above. Despite this knowledge of the '582 patent, Samsung continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '582 patent. Samsung does so knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '582 patent, thereby specifically intending for and inducing its customers to infringe the '582 patent through the customers' normal and customary use of the Accused Products.

40. Samsung has also infringed, and continue to infringe, claims of the '582 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Samsung knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Samsung has been, and currently is, contributorily infringing the '582 patent, in violation of 35 U.S.C. § 271(c).

41. The Accused Products satisfy all claim limitations of at least one claim of the '582 patent. A claim chart comparing independent claim 1 of the '582 patent to a representative Accused Product is attached as Exhibit ..

42. By making, using, offering for sale, selling and/or importing into the United States

the Accused Products, Samsung has injured AlmondNet and is liable for infringement of the '582 patent pursuant to 35 U.S.C. § 271.

43.     As a result of Samsung's infringement of the '582 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,566,164

44.     AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

45.     AlmondNet owns all rights, title, and interest in U.S. Patent No. 8,566,164 (the "'164 patent"), titled "targeted online advertisements based on viewing or interacting with television advertisements," issued on October 22, 2013. A true and correct copy of the '164 patent is attached as Exhibit ..

46.     On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Products"), such as, e.g., Roku's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '164 patent.

47.     The infringement of the '164 patent is also attributable to Samsung. Samsung (and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the '164 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

48.     Samsung's infringement has been and is willful. Through at least the interactions

as detailed in Plaintiff's Factual Allegations, Samsung knew of the '164 patent and the infringing nature of Accused Products before this suit was filed. Despite Samsung's knowledge of the Asserted Patents, Samsung continues to infringe. In doing so, Samsung knew, or should have known, that its conduct amounted to infringement of the '164 patent. Accordingly, Samsung is liable for willful infringement.

49.     Samsung also knowingly and intentionally induces infringement of claims of the '164 patent in violation of 35 U.S.C. § 271(b). Samsung has had knowledge of the '164 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and/or earlier, as set forth above. Despite this knowledge of the '164 patent, Samsung continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '164 patent. Samsung does so knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '164 patent, thereby specifically intending for and inducing its customers to infringe the '164 patent through the customers' normal and customary use of the Accused Products.

50.     Samsung has also infringed, and continue to infringe, claims of the '164 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Samsung knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Samsung has been, and currently is, contributorily infringing the '164 patent, in

violation of 35 U.S.C. § 271(c).

51.     The Accused Products satisfy all claim limitations of at least one claim of the '164 patent. A claim chart comparing independent claim 1 of the '164 patent to a representative Accused Product is attached as Exhibit ..

52.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured AlmondNet and is liable for infringement of the '164 patent pursuant to 35 U.S.C. § 271.

53.     As a result of Samsung's infringement of the '164 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

54.     Samsung's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '164 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 8,671,139

55.     AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

56.     AlmondNet owns all rights, title, and interest in U.S. Patent No. 8,671,139 (the "'139 patent"), titled "media properties selection method and system based on expected profit from profile-based ad delivery," issued on March 11, 2014. A true and correct copy of the '139 patent is attached as Exhibit ..

57.    On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Products"), such as, e.g., Roku's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '139 patent.

58.    The infringement of the '139 patent is also attributable to Samsung. Samsung (and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the '139 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

59.    Samsung's infringement has been and is willful. Through at least the interactions as detailed in Plaintiff's Factual Allegations, Samsung knew of the '139 patent and the infringing nature of Accused Products before this suit was filed. Despite Samsung's knowledge of the Asserted Patents, Samsung continues to infringe. In doing so, Samsung knew, or should have known, that its conduct amounted to infringement of the '139 patent. Accordingly, Samsung is liable for willful infringement.

60.    Samsung also knowingly and intentionally induces infringement of claims of the '139 patent in violation of 35 U.S.C. § 271(b). Samsung has had knowledge of the '139 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and/or earlier, as set forth above. Despite this knowledge of the '139 patent, Samsung continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '139 patent. Samsung does so knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '139 patent, thereby

specifically intending for and inducing its customers to infringe the '139 patent through the customers' normal and customary use of the Accused Products.

61.     Samsung has also infringed, and continue to infringe, claims of the '139 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Samsung knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Samsung has been, and currently is, contributorily infringing the '139 patent, in violation of 35 U.S.C. § 271(c).

62.     The Accused Products satisfy all claim limitations of at least one claim of the '139 patent. A claim chart comparing independent claim 1 of the '139 patent to a representative Accused Product is attached as Exhibit ..

63.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured AlmondNet and is liable for infringement of the '139 patent pursuant to 35 U.S.C. § 271.

64.     As a result of Samsung's infringement of the '139 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

65.     Samsung's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '139 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that

come within the scope of the patent claims.

## COUNT VI

### INFRINGEMENT OF U.S. PATENT NO. 8,677,398

66.    AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

67.    AlmondNet owns all rights, title, and interest in U.S. Patent No. 8,677,398 (the "'398 patent"), titled "systems and methods for taking action with respect to one network-connected device based on activity on another device connected to the same network," issued on March 18, 2014. A true and correct copy of the '398 patent is attached as Exhibit ..

68.    On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Products"), such as, e.g., Roku's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '398 patent.

69.    The infringement of the '398 patent is also attributable to Samsung. Samsung (and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the '398 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

70.    Samsung's infringement has been and is willful. Through at least the interactions as detailed in Plaintiff's Factual Allegations, Samsung knew of the '398 patent and the infringing nature of Accused Products before this suit was filed. Despite Samsung's knowledge of the Asserted Patents, Samsung continues to infringe. In doing so, Samsung knew, or should have known, that its conduct amounted to infringement of the '398 patent. Accordingly, Samsung is liable for willful infringement.

71.     Samsung also knowingly and intentionally induces infringement of claims of the '398 patent in violation of 35 U.S.C. § 271(b). Samsung has had knowledge of the '398 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and/or earlier, as set forth above. Despite this knowledge of the '398 patent, Samsung continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '398 patent. Samsung does so knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '398 patent, thereby specifically intending for and inducing its customers to infringe the '398 patent through the customers' normal and customary use of the Accused Products.

72.     Samsung has also infringed, and continue to infringe, claims of the '398 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Samsung knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Samsung has been, and currently is, contributorily infringing the '398 patent, in violation of 35 U.S.C. § 271(c).

73.     The Accused Products satisfy all claim limitations of at least one claim of the '398 patent. A claim chart comparing independent claim 13 of the '398 patent to a representative Accused Product is attached as Exhibit ..

74.     By making, using, offering for sale, selling and/or importing into the United States

the Accused Products, Samsung has injured AlmondNet and is liable for infringement of the '398 patent pursuant to 35 U.S.C. § 271.

75.     As a result of Samsung's infringement of the '398 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

76.     Samsung's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '398 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**COUNT VII**

**INFRINGEMENT OF U.S. PATENT NO. 10,321,198**

77.     AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

78.     AlmondNet owns all rights, title, and interest in U.S. Patent No. 10,321,198 (the "'198 patent"), titled "systems and methods for dealing with online activity based on delivery of a television advertisement," issued on June 11, 2019. A true and correct copy of the '198 patent is attached as Exhibit ..

79.     On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Products"), such as, e.g., Roku's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '198 patent.

80.     The infringement of the '198 patent is also attributable to Samsung. Samsung

(and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the '198 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

81.     Samsung's infringement has been and is willful. Through at least the interactions as detailed in Plaintiff's Factual Allegations, Samsung knew of the '198 patent and the infringing nature of Accused Products before this suit was filed. Despite Samsung's knowledge of the Asserted Patents, Samsung continues to infringe. In doing so, Samsung knew, or should have known, that its conduct amounted to infringement of the '198 patent. Accordingly, Samsung is liable for willful infringement.

82.     Samsung also knowingly and intentionally induces infringement of claims of the '198 patent in violation of 35 U.S.C. § 271(b). Samsung has had knowledge of the '198 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and/or earlier, as set forth above. Despite this knowledge of the '198 patent, Samsung continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '198 patent. Samsung does so knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '198 patent, thereby specifically intending for and inducing its customers to infringe the '198 patent through the customers' normal and customary use of the Accused Products.

83.     Samsung has also infringed, and continue to infringe, claims of the '198 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent,

and constitute a material part of the invention. Samsung knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Samsung has been, and currently is, contributorily infringing the '198 patent, in violation of 35 U.S.C. § 271(c).

84.     The Accused Products satisfy all claim limitations of at least one claim of the '198 patent. A claim chart comparing independent claim 1 of the '198 patent to a representative Accused Product is attached as Exhibit ..

85.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured AlmondNet and is liable for infringement of the '198 patent pursuant to 35 U.S.C. § 271.

86.     As a result of Samsung's infringement of the '198 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

87.     Samsung's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '198 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT VIII

## INFRINGEMENT OF U.S. PATENT NO. 8,959,146

88.     AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

89.     AlmondNet owns all rights, title, and interest in U.S. Patent No. 8,959,146 (the "'146 patent"), titled "media properties selection method and system based on expected profit from profile-based ad delivery," issued on February 17, 2015. A true and correct copy of the '146 patent is attached as Exhibit ..

90.     On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Products"), such as, e.g., Roku's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '146 patent.

91.     The infringement of the '146 patent is also attributable to Samsung. Samsung (and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the '146 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

92.     Samsung's infringement has been and is willful. Through at least the interactions as detailed in Plaintiff's Factual Allegations, Samsung knew of the '146 patent and the infringing nature of Accused Products before this suit was filed. Despite Samsung's knowledge of the Asserted Patents, Samsung continues to infringe. In doing so, Samsung knew, or should have known, that its conduct amounted to infringement of the '146 patent. Accordingly, Samsung is liable for willful infringement.

93.     Samsung also knowingly and intentionally induces infringement of claims of the '146 patent in violation of 35 U.S.C. § 271(b). Samsung has had knowledge of the '146 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and/or earlier, as set forth above. Despite this knowledge of the '146 patent, Samsung continues to actively encourage and instruct its customers and end users (for example, through

user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '146 patent. Samsung does so knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '146 patent, thereby specifically intending for and inducing its customers to infringe the '146 patent through the customers' normal and customary use of the Accused Products.

94.     Samsung has also infringed, and continue to infringe, claims of the '146 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Samsung knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Samsung has been, and currently is, contributorily infringing the '146 patent, in violation of 35 U.S.C. § 271(c).

95.     The Accused Products satisfy all claim limitations of at least one claim of the '146 patent. A claim chart comparing independent claim 1 of the '146 patent to a representative Accused Product is attached as Exhibit ..

96.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured AlmondNet and is liable for infringement of the '146 patent pursuant to 35 U.S.C. § 271.

97.     As a result of Samsung's infringement of the '146 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with

interest and costs as fixed by the Court.

98.     Samsung's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '146 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT IX

## INFRINGEMENT OF U.S. PATENT NO. 10,715,878

99.     AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

100.     AlmondNet owns all rights, title, and interest in U.S. Patent No. 10,715,878 (the "'878 patent"), titled "targeted television advertisements based on online behavior," issued on July 14, 2020. A true and correct copy of the '878 patent is attached as Exhibit ..

101.     On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Products"), such as, e.g., Roku's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '878 patent.

102.     The infringement of the '878 patent is also attributable to Samsung. Samsung (and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the '878 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

103.     Samsung's infringement has been and is willful. Through at least the interactions as detailed in Plaintiff's Factual Allegations, Samsung knew of or was willfully blind to the '878 patent and the infringing nature of Accused Products before this suit was filed. Nevertheless,

Samsung continues to infringe. In doing so, Samsung knew, or should have known, that its conduct amounted to infringement of the '878 patent. Accordingly, Samsung is liable for willful infringement.

104.    Samsung also knowingly and intentionally induces infringement of claims of the '878 patent in violation of 35 U.S.C. § 271(b). Samsung has had knowledge of the '878 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and/or earlier, as set forth above. Despite this knowledge of the '878 patent, Samsung continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '878 patent. Samsung does so knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '878 patent, thereby specifically intending for and inducing its customers to infringe the '878 patent through the customers' normal and customary use of the Accused Products.

105.    Samsung has also infringed, and continue to infringe, claims of the '878 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Samsung knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Samsung has been, and currently is, contributorily infringing the '878 patent, in violation of 35 U.S.C. § 271(c).

106.    The Accused Products satisfy all claim limitations of at least one claim of the '878

patent. A claim chart comparing independent claim 1 of the '878 patent to a representative Accused Product is attached as Exhibit ..

107.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured AlmondNet and is liable for infringement of the '878 patent pursuant to 35 U.S.C. § 271.

108.    As a result of Samsung's infringement of the '878 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

109.    Samsung's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '878 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, AlmondNet respectfully requests that this Court enter:

a.    A judgment in favor of AlmondNet that Defendant has infringed, either literally and/or under the doctrine of equivalents, each of the Asserted Patents;

b.    A judgment in favor of Plaintiff that Defendant has willfully infringed the Asserted Patents;

c.    A permanent injunction prohibiting Defendant from further acts of infringement of the '822, '164, '139, '398, '146, '198, and '878 patents;

d.    A judgment and order requiring Defendant to pay AlmondNet its damages, costs, expenses,   and   pre-judgment   and   post-judgment   interest   for   Defendant's

infringement of each of the Asserted Patents;

e.     A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to AlmondNet, including without limitation, pre-judgment and post-judgment interest;

f.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to AlmondNet its reasonable attorneys' fees against Defendant; and

g.     Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

AlmondNet, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: August 26, 2021

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie
Marc A. Fenster
James A. Milkey
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

*Attorneys for Plaintiff AlmondNet, Inc.*